## AUGUSTUS FROMME v. WILLIAM KAYLOR.

Where K. was indebted to F. for a balance, and to pay it K. drew an order on H. & R. for so many pounds of cotton, to make him liable as drawer, it must be shown that the order was presented and payment refused, or else that he had no cotton in the hands of H. & R. when the order was drawn. The legal promise by the drawer was, that the drawees would pay the draft according to its tenor, or upon failure of payment, upon proper notice, pay it.

The payee undertook to present the draft within a reasonable time, and to excuse not presenting it, he must be able to prove that the drawer had no cotton in the hands of the drawees, and that they would not have paid it. (Paschal's Dig., Arts. 220, 229, Notes 283, 290.)

APPEAL from Goliad.   The case was tried before Hon. J. J. HOLT, one of the district judges.

As the case really turned upon the liability of the drawer, in the absence of proof that the draft was ever presented or dishonored, it is only necessary to add to what the chief justice has, said a copy of the draft.   It read as follows:

"BROWNSVILLE, *March* 9, 1863.

"Messrs. HUBERICK & RICHERS, *Alleyton*,

"Will please deliver to the order of Augustus Fromme one thousand six hundred and eighty-two pounds (1,682) of cotton out of the lot of cotton in your hands for my account, same quantity of cotton being a. payment of ($420 47) four hundred and twenty 47.100 dollars, at 25 cents per pound, in full, as per settlement:

"WM. KAYLOR."

There was no evidence that this draft was ever presented for payment.

*F. Faunt le Roy* and *John S. Givens*, for appellant, cited Pridgen v. Cox, 9 Tex., 367; Watts v. Johnson, 4 Tex., 311.

No brief for the appellee has been furnished to the *Reporter*.

MORRILL, C. J.—On the 9th March, 1863, the parties had a settlement, when Kaylor was indebted to Fromme in the sum of $1,437 53, whereupon Kaylor gave Fromme a draft on Droege & Co. for $1,017 06, and an order or draft on Huberick & Richers, of Alleyton, for one thousand six hundred and eighty-two pounds of cotton, valued at $420 47.

Fromme instituted suit, founded on the cotton order, alleging the presentment of same to the drawees, and their

reply that the drawers had nothing in their hands to pay, and claiming $420 47.

Kaylor's answer asserts that the order was not presented; that the cotton was in the hands of the drawees, &c.

Fromme amends his petition, and founds the amended petition on the original account, claiming that the draft for the cotton was worthless, and proposes to return the same to Kaylor.

On the trial, the defendant, Kaylor, requested the judge to charge the jury that "the plaintiff cannot recover upon the draft unless he proves that he, or some one for him, presented the draft to the drawee for payment within a reasonable time, and that the drawee refused to pay the same." The judge refused to give the charge, but charged the jury, that should they find from the evidence that the plaintiff and defendant had a settlement of accounts, which is evidenced in writing, in evidence before them, they will find for the plaintiff the amount shown by the evidence to have been due plaintiff on the day of settlement, with eight per cent. interest thereon.

There is nothing in the statement of facts showing that the draft was dishonored. Plaintiff introduced a witness who stated that defendant had a lot of coffee which he had sent to Alleyton to have exchanged for cotton, which cotton was to be placed in the hands of the drawees of the draft. Defendant told witness, sometime afterwards, that he then had no cotton in the hands of the drawees.

It was proved that cotton was worth at Alleyton, in March, 1863, 25 cents per pound in confederate money, and 6 or 8 cents per pound in specie.

Verdict and judgment for Fromme for $420 47, with 8 per cent. interest from 9th March, 1863.

Motion for new trial overruled, and the assignment of errors brings before us a review of the case.

When the parties made the settlement, there does not appear from the allegations of either that there was any

misunderstanding or advantage of superior information, force, fraud, or anything, in fact, that would have a tendency to show that the settlement was not entirely fair and legal. Kaylor gave Fromme a draft on one house for a certain amount of money, and a draft on another house for a certain amount of cotton. Fromme gave Kaylor a receipt in full of his indebtedness. The legal promise by the maker of the drafts was, that the drawees would pay the same, agreeably to the contents thereof, or, in case of their failure so to do, that upon being informed in proper time of the fact, he would pay it. On the part of the payee, his promise was, that he would, in a reasonable time, present the drafts to the drawees, unless he should be satisfied that the drawer had no funds in the hands of the drawees to satisfy it; and, in case he neglected so to present, he must be able to prove positively that the same would not have been paid if presented.

Kaylor, in this settlement, sold to Fromme sixteen hundred and eighty-two pounds of cotton at Alleyton, in the possession of Huberick & Richers, at 25 cents per pound, and he became liable to pay the value of the cotton, in default of payment by the drawees, whatever the price might be. If, at the time the cotton became payable, it were worth at the place of payment a greater sum than the amount paid for, the vendor thereof, Kaylor, would not be authorized to refuse the delivery of the cotton, and discharge and cancel his obligation by returning the amount paid for it; and, on the other hand, if cotton should be worth only 8 or 10 cents per pound, would Fromme be at liberty to refuse to take the cotton and demand the purchase-money—25 cents per pound?

The judge therefore erred in not giving the charge requested. We also consider that the judge erred in his charge to the jury; for, although it might have been applicable in a different case, it was calculated to mislead the jury in the issues before them.

REVERSED AND REMANDED.